FILED
CLERK
11/3/2016 11:32 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
WELL-MADE TOY M'FG CORPORATION, a corporation of the State of New York,

           Plaintiff,

   -against-

FLOWERS, INC. (d/b/a Burton & Burton), a corporation of Georgia,

           Defendant.
-------------------------------------------------------------------------------x

**Memorandum of Decision & Order**
16-cv-1380 (ADS)(ARL)

<u>APPEARANCES:</u>

**The Law Office of Gerard F. Dunne, P.C.**
*Attorneys for the Plaintiff*
41 Union Square West, Suite 1125
New York, NY 10003
      By:    Gerard F. Dunne, Esq., Of Counsel

**Wilson Elser Moskowitz Edelman & Dicker LLP**
*Attorneys for the Defendant*
150 E. 42nd Street, 21st Floor
New York, NY 10017
      By:    Jura C. Zibas, Esq.
                 Stephen J. Barrett, Esq., Of Counsel

**SPATT, District Judge:**

      This case involves allegations of copyright infringement in the design of ballerina ragdolls.

      On March 21, 2016, the Plaintiff Well-Made Toy Manufacturing Corporation commenced this infringement action against the Defendant Flowers, Inc., alleging that the Defendant illegally appropriated design features of a copyrighted ragdoll produced by the Plaintiff, in violation of the federal Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. § 101 *et seq.*, and various foreign laws and international treaties.

      On April 20, 2016, the Defendant filed a motion, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), seeking to dismiss the complaint on the ground that it fails to state a cognizable violation of the Copyright Act. Further, the Defendant contends that, in the absence of a

1

viable infringement claim, the remaining causes of action should be dismissed under FED. R. CIV. P. 12(b)(3), as the Eastern District of New York is an improper venue for resolving claims based on violations of foreign law.

For the reasons that follow, the Defendant's motion to dismiss is denied.

I. BACKGROUND

Unless otherwise noted, the following facts are drawn from the complaint and construed in favor of the Plaintiff.

The Plaintiff, a resident corporation with offices in Queens, is involved in the design and marketing of toys, including a product known as "Debbie Dancer," a ballerina ragdoll. The Plaintiff owns a valid copyright in the three-dimensional body sculpture and two-dimensional facial artwork for Debbie Dancer.

The gravamen of this action is that, subsequent to the Plaintiff's introduction into the market of Debbie Dancer, the Defendant, a Georgia corporation, without authorization, introduced a substantially similar product. The allegedly infringing ragdoll does not appear to have a name, so the Court will refer to it as the "Defendant's Dancer."

The Plaintiff alleges that the Defendant's Dancer is a direct copy of, and impermissibly infringes upon the copyrighted artwork and sculptural features of Debbie Dancer. To illustrate this allegation, in the complaint, the Plaintiff includes a color photograph of the two dolls positioned side-by-side.

By this action, the Plaintiff seeks equitable relief in the form of: (1) an injunction preventing the Defendant from manufacturing, importing, offering for sale, advertising, promoting, or distributing the Defendant's Dancer; (2) a mandatory injunction requiring the Defendant to deliver up for destruction any allegedly infringing products and merchandise in its possession; and (3) a mandatory injunction requiring the Defendant to diligently attempt to recall any allegedly infringing products that have already been put out to market.

Further, the Plaintiff seeks an award of monetary damages, representing: (1) the profits received by the Defendant from the sale of the Defendant's Dancer; (2) the loss sustained by the Plaintiff as a result of product sales that were diverted to the Defendant due to the presence of the Defendant's Dancer on the market; and (3) statutory damages and penalties, including punitive damages, interest, and costs.

## II. DISCUSSION

### A. The Applicable Legal Standards

"[I]n order to establish a claim of copyright infringement, 'a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's.' " *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64, 63 (2d Cir. 2010) (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)).

In this regard, the Second Circuit has long deemed "the determination of the extent of similarity that will constitute a *substantial*, and hence infringing, similarity" to "present[ ] one of the most difficult questions in copyright law, and one that is the least susceptible of helpful generalizations.' " *Peter F. Gaito Architecture, LLC*, 602 F.3d at 63 (quoting 4-13 NIMMER ON COPYRIGHT § 13.03 (2009)) (emphasis in original). "For that reason, and because the question of substantial similarity typically presents an extremely close question of fact, questions of non-infringement have traditionally been reserved for the trier of fact." *Id.* (citations omitted).

Under Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Thus, "[t]o survive a motion to dismiss, the complaint must plead 'enough facts to state a claim to relief that is plausible on its face,' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." *Otis-Wisher v. Medtronic, Inc.*, No. 14-cv-3491, 2015 U.S. App. LEXIS 9565, at *2 (2d Cir. June 9, 2015).

However, in the copyright context, the Second Circuit has authorized district courts to undertake a merits-based "substantial similarity" analysis where all the materials needed to make a side-by-side comparison of the copyrighted work and the allegedly infringing work are attached to the complaint.

In particular, the Second Circuit has explained that:

> [I]n ruling on [a Rule 12(b)(6)] motion, a district court may consider "the facts as asserted within the four corners of the complaint" together with "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). In copyright infringement actions, "the works themselves supersede and control contrary descriptions of them," *Walker [v. Time Life Films, Inc.]*, 784 F.2d [44,] 48 [2d Cir. 1986], including "any contrary allegations, conclusions or descriptions of the works contained in the pleadings." 3-12 NIMMER ON COPYRIGHT § 12.10. *See Walker v. Time Life Films, Inc.*, 615 F. Supp. 430, 434 (S.D.N.Y. 1985); *Shipman v. R.K.O. Radio Pictures, Inc.*, 20 F. Supp. 249, 249 (S.D.N.Y. 1937). When a court is called upon to consider whether the works are substantially similar, no discovery or fact-finding is typically necessary, because "what is required is only a visual comparison of the works." *Folio Impressions, Inc. v. Byer Cal.*, 937 F.2d 759, 766 (2d Cir. 1991).
>
> Thus, where, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation. If, in making that evaluation, the district court determines that the two works are "not substantially similar as a matter of law," *Kregos v. A.P.*, 3 F.3d 656, 664 (2d Cir. 1993), the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not "plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. . . .

*Peter F. Gaito Architecture*, 602 F.3d at 64, 65.

In this regard, the Second Circuit has clarified that, at the pleading stage, resolving an infringement claim as a matter of law is only appropriate when: (1) "the similarity concerns only noncopyrightable elements of plaintiff['s] work"; or (2) "when no reasonable trier of fact could find the works substantially similar." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986).

4

B.   The Present Record is Insufficient to Warrant Dismissal as a Matter of Law

Notwithstanding the pre-answer, pre-discovery posture of this case, the Defendant contends that the present motion record is sufficient to permit the Court to resolve the Plaintiff's copyright infringement claim as matter of law.  In particular, the Defendant asserts that the color photograph annexed to the complaint, featuring a side-by-side depiction of the dolls in question, is all that is required for the Court to determine that the two works are not substantially similar, and therefore, that the Plaintiff's allegations do not plausibly give rise to an entitlement to relief.  The Court disagrees.

Although the photograph shows enough general similarities between the two products to make the Plaintiff's allegations of illegal copying plausible, in the Court's view, it is insufficient to permit a conclusive comparison of the kind requested by the Defendant.

Specifically, it is noted that neither party submitted exemplars of the three-dimensional objects for the Court to physically inspect, despite the fact that one of the main components of the Plaintiff's copyright is Debbie Dancer's three-dimensional body sculpture.  Unlike cases involving works of two-dimensional art, photographs, books, manuscripts, or articles that are readily comparable by a reviewing court, in the Court's view, the photograph of three-dimensional figures in this case does not permit an ultimate-issue determination on a paper record.  *Cf. Wiren v. Shubert Treatre Corp.*, 5 F. Supp. 358, 362 (S.D.N.Y 1933) ("There seems to be no good reason why where one book is claimed to be an infringement of a copyrighted book, and both books are attached to the bill of complaint and the pleadings permit it, a reading and comparison of the books themselves should not dispose of the claim of infringement . . .").

Nor did either party submit scaled images of the dolls or otherwise provide corresponding measurements of the products – this despite the Defendant's heavy reliance on disparate body proportions as a basis for a finding of non-similarity.  In this regard, it is noted that other courts to engage in similar analyses have identified the slightest measurable discrepancies as relevant to

5

findings of non-similarity. *See, e.g. Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) (Lumbard, *J.*, dissenting) (in a case involving plush dolls, characterizing the majority opinion as basing its substantial similarity analysis on "nose widths, lip lengths, eyes spaces, and button diameters [that] differ by fractions of an inch").

Nor is there any allegation or supporting evidence regarding the conditions under which the photograph was taken. Therefore, contrary to the Defendant's suggestion, the Court is unwilling to rely on this image alone to conclude, as a matter of law, that the dolls have substantially dissimilar skin tones. In the Court's view, it is not at all clear that the apparent differentiation in the colors of the dolls' skin results from discretionary elements of the products' designs, as opposed to natural conditions, such as shadows and imperfect lighting, affecting the quality of the photograph.

Also, the photograph in question appears to have been taken using a digital camera; uploaded to a computer; and then printed onto a sheet of white paper using an ordinary office printer. With reasonable certainty, each step of this process could distort the coloration of the image to an unknown degree.

Under these circumstances, the Court finds it unfeasible to render any reasoned decision on this subject based solely on the photograph in the record. Stated otherwise, on the current record, the Court is unable to conclude that any similarities in the product concern only noncopyrightable elements of the Plaintiff's work; or that no reasonable trier of fact could find the products substantially similar. *See Walker*, 784 F.2d at 48.

On the contrary, in the Court's view, notwithstanding the discrepancies identified in the Defendant's legal memorandum, based solely on the Plaintiff's complaint and the attached materials, an ordinary observer would regard the aesthetic appeal of these dolls as nearly identical. *See Yurman Designs, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001).

Accordingly, the Defendant's motion to dismiss the portion of the first cause of action based on federal copyright infringement is denied.

C.  As to the Remaining Causes of Action Based on Violations of Foreign Laws

As noted above, relying on a theory of *forum non conveniens*, the Defendant also moves under FED. R. CIV. P. 12(b)(3) to dismiss the remainder of the Plaintiff's claims on the ground that, in the absence of a viable claim under the Copyright Act, venue in this judicial district is improper.

Initially, courts in this Circuit have recognized that Rule 12(b)(3) "is not the correct vehicle for" the relief the Defendant seeks because "*forum non conveniens* is a separate and [discrete] doctrine which rests on the 'inherent authority of the federal courts' rather than on any statute or court rules." *See Bank of Am. Corp. v. Braga Lemgruber*, 385 F. Supp. 2d 200, 206 n.2 (S.D.N.Y. 2005) (quoting *Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine*, 158 F. Supp. 2d 377, 379 n.3 (S.D.N.Y. 2001), *aff'd*, 311 F.3d 488 (2d Cir. 2002)).

Accordingly, notwithstanding the Defendant's reliance on FED. R. CIV. P. 12(b)(3), the Court will construe this portion of its motion as seeking dismissal based on the doctrine of *forum non conveniens*.

Even so, as the Defendant concedes, venue in this judicial district would only become inconvenient "in the absence of any claims arising under United States law." Def. Reply Memo of Law at 8. Thus, given the Court's determination that the complaint states a viable claim for infringement under the federal Copyright Act, the Court discerns no substantial basis for concluding that the Eastern District is an inconvenient forum in which to adjudicate the Plaintiff's foreign law claims.

Accordingly, the Defendant's motion to dismiss the portion of the first cause of action based on foreign copyright laws and related international treaties is denied.

### III. Conclusion

Based on the foregoing, the Court denies the Defendant's motion to dismiss the complaint in all respects. This matter is respectfully referred to United States Magistrate Judge Arlene R. Lindsay for discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York
November 3, 2016

/s/ *Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge